### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| RICHARD DAVID KINDER, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v.  ] | CIVIL ACTION NO. 05-RRA-1598-S |
| ] | |
| WARDEN RALPH HOOKS and ] | |
| THE ATTORNEY GENERAL FOR THE ] | |
| STATE OF ALABAMA, ] | |
| ] | |
| Respondents. ] | |

### MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Richard David Kinder, was convicted in 1984, in the Circuit Court of Jefferson County, of capital murder. He was sentenced to a term of imprisonment for life without the possibility of parole. The Alabama Court of Criminal Appeals affirmed his conviction and sentence on December 9, 1986. *Kinder v. State*, 515 So. 2d 55 (Ala. Crim. App.), *cert. denied*, 515 So. 2d 55 (Ala. 1987).

On June 15, 1990, Kinder filed a petition for a writ of habeas corpus in this court. *Kinder v. Burton, et al.*, CV-90-CWA-RRA-1216-M. The petition was denied on April 8, 1991. On February 11, 2004, Kinder filed a Rule 32 petition in the Circuit Court of Jefferson County. The trial court summarily denied the petition on April 13, 2004. The Alabama Court of Criminal Appeals affirmed the denial of the petition on October 22, 2004, in a memorandum opinion. Kinder's petition for a writ of certiorari was denied and a certificate of judgment was issued on July 8, 2005.

Kinder has now filed a second petition for a writ of habeas corpus in this court. In response to the court's order to show cause, the respondents have filed an answer, in which they in which they assert that the petition is due to be dismissed. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision is to establish a statutory pre-condition to the filing of a "second or successive" habeas petition, requiring the applicant to obtain the authorization of the United States Court of Appeals for the Eleventh Circuit **before** it is filed in the district court. The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to consider successive petitions unless and until it has been authorized by the appropriate court of appeals. The new restrictions on successive petitions apply to a successive habeas petition even if the first petition was denied prior to the effective date of the AEDPA. *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997).

It does not appear that Kinder has obtained authorization from the Eleventh Circuit Court of Appeals to bring a successive petition before this court. Thus, the petition is due to be DISMISSED pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a petitioner filing a second or successive petition to obtain an order from the court of appeals, authorizing the district court to consider the petition. If the petitioner obtains the required order allowing him to file a successive petition in this

court, he may re-file his petition in this court.[1] An order dismissing this action without prejudice is due to be entered.

DONE this 9th day of December, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The petitioner should note, however, that even if he obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive petition, his petition could be barred by the one-year statute of limitations created by the AEDPA.